# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MYRON CANTRELL JONES, (AIS: #237921) Petitioner, | * * * * |
| vs. | * CIVIL ACTION NO.13-00012-WS-B |
| GARY HETZEL[1], Respondent. | * * * * * |

## Report and Recommendation

Myron Cantrell Jones, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. <u>Kelley v. Sec'y for Dep't of Corr.</u>, 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered Jones' petition, Respondent's answer, and Jones' response, the undersigned finds that Jones' petition is untimely, and that equitable tolling is not

---

[1] Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the "officer having custody of the applicant shall be named as Respondent." Accordingly, the Court's substitution reflects Gary Hetzel, Warden of Holman Correctional Facility, as the proper Respondent.

appropriate. Accordingly, it is recommended that Jones' habeas petition be dismissed as time-barred, that judgment be entered in favor of Respondent and against Petitioner, Myron Cantrell Jones, pursuant to 28 U.S.C. § 2244(d), and that if Jones seeks the issuance of a certificate of appealability, his request be denied, as well as any request to appeal *in forma pauperis*.

I. **DISCUSSION**

Jones was indicted by a grand jury in Mobile County Circuit Court on February 14, 2003 for one count of capital murder and four counts of attempted murder. (Doc. 9 at 2; Doc. 9-1 at 56). The jury found Jones guilty of all counts charged in the indictment, and on October 21, 2004, he was sentenced to life in prison without the possibility of parole on the capital murder charge and to life on each of the attempted murder charges, with all sentences to run consecutively. (Doc. 9 at 3; Docs. 9-1 at 14, 57, 59, 61, 63, 65). On appeal to the Alabama Court of Criminal Appeals, Jones' conviction and sentence were affirmed in an unpublished memorandum opinion on May 20, 2005. (Docs. 9-12). Jones did not file a motion for rehearing or a petition for writ of certiorari to the Alabama Supreme Court; thus, a certificate of judgment was issued on June 8, 2005. (Doc. 9-13).

On May 26, 2006, Jones filed a Rule 32 petition, which was denied as meritless by the trial court on September 26, 2006.

2

(Doc. 9-14). Jones appealed the dismissal and on appeal, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition on June 22, 2007. (Doc. 9-18). Jones' application for rehearing was overruled on July 13, 2007. (Doc. 9-20). On July 22, 2007, Jones filed a petition for writ of certiorari to the Supreme Court (Doc. 9-21), which the court granted on January 23, 2008. (Doc. 9-22). Subsequently, on May 23, 2008, the Alabama Supreme Court issued an order quashing the previously granted writ certiorari and issued judgment on the same day. (Doc. 9-23).

On March 23, 2011, Jones filed a second Rule 32 petition, alleging newly discovered evidence. Jones proffered an affidavit from Michael Booker, one of the state's key witnesses at trial, recanting his trial testimony. (Doc. 9 at 7). The trail court held an evidentiary hearing on March 1, 2012. (Id.). At the hearing, Booker testified that the proffered affidavit was false, and the trial court denied Jones' Rule 32 petition as meritless. (Id.). Jones appealed the trial court's denial, and on August 10, 2012, the appellate court affirmed the trial court's denial of Jones' second Rule 32 petition (Doc. 9-29). On September 14, 2012, Jones' petition for rehearing was overruled. (Docs. 9-30, 9-31). On November 12, 2012, the Alabama Supreme Court denied Jones' petition for writ of

certiorari and issued judgment on the same day. (Doc. 9-33, 9-34).

On January 10, 2013 [2], Jones filed the instant habeas petition challenging his conviction and sentence. (Doc. 1 at 13). Jones raises one claim namely, the existence of newly discovered evidence showing that the prosecution knowingly used false evidence during his trial. (Id., at 7). In its response, the Respondent argues that Jones' petition should be dismissed as untimely because it was filed outside of the statute of limitations. (Doc. 9 at 8). The undersigned agrees.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." [3] The Act provides that:

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

[3] Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003). Since Jones filed this petition on January 1, 2013, this action is governed by AEDPA.

4

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Jones has not alleged that the government impeded the filing of his 2254 motion or that a retroactive new constitutional right exists in his case. Accordingly, the Court

5

calculates the timeliness of Jones' petition from the date his conviction became final.

Generally, a judgment becomes final at the expiration of the ninety-day period in which to seek certiorari review from the Supreme Court of the United States. 28 U.S.C. § 2244(d)(1)(A); see, Nix v. Sec'y for Dept. of Corr., 393 F.3d 1235, 1236 (11th Cir. 2004). However, before seeking certiorari review from the United States Supreme Court, a petitioner must seek review before the state's highest court. Sandquist v. California, 419 U.S. 1066, 1066, 95 S. Ct. 651, 42 L. Ed. 2d 662 (1974); Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari).

As noted *supra*, following Jones' direct appeal of his conviction and sentence to the Alabama Court of Criminal Appeals, he failed to seek review before the Alabama Supreme Court; thus, he was estopped from seeking review from the United States Supreme Court. Id. Accordingly, Jones' conviction became final on June 8, 2005, upon the issuance of his certificate of judgment. (Doc. 9-13). Thus, the one-year limitations period commenced on June 8, 2005 and Jones had until June 7, 2006 to timely file his federal habeas petition, absent a tolling event.

On May 26, 2006, Jones filed his first Rule 32 petition. Because the one year limitations period had not yet expired,

6

this filing resulted in a tolling of the limitations period. 28 U.S.C. § 2244(d)(2) (the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection); see also In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). Upon the filing of Jones' first Rule 32 petition, 352 days had elapsed from his ADEPA one-year limitations period. The limitations period was tolled until May 23, 2008, when the Alabama Supreme Court issued a certificate of judgment dismissing Jones' first Rule 32 petition. (Doc. 9-24). At that point, the limitations' clock resumed, and Jones had twelve (12) days in which to file his federal petition, or until June 4, 2008, absent another tolling event.

The record reflects and Jones does not deny that he did not file his habeas petition with this Court until January 10, 2013, which is more than four years *after* the expiration of the one-year limitations period in violation 28 U.S.C § 2444(d). While the record reflects that Jones filed a second Rule 32 petition on March 23, 2011, it had no tolling effect because the limitations period had already expired on June 4, 2008. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the

7

limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Id.; see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Because Jones' second Rule 32 petition, filed in March 2011, did not toll the limitations period, the instant federal habeas petition was untimely filed.

### a. Extraordinary Circumstances

Before recommending dismissal of Jones' petition for habeas relief as untimely, the undersigned must determine whether Jones has pled extraordinary circumstances that require a contrary conclusion. Thus, unless Jones can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond

> his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, as a general rule, "the 'extraordinary circumstances' standard applied in [the Eleventh] [C]ircuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002) overruled in part as stated by Sykosky v. Crosby, 187 Fed. App'x 953, 958 (11th Cir. 2006).

The facts presented by Jones do not evidence extraordinary circumstances beyond his control that made it impossible for him to file the instant petition for habeas relief in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas corpus relief in a timely manner. In support of equitable tolling Jones argues that Respondent waived its defense of the statute of limitations because the State addressed his claim of newly discovered evidence in his second Rule 32 petition. (Doc. 12 at 1).

As an initial observation, the undersigned notes that Jones' contention is belied by the record as the State specifically conditioned its motion for an evidentiary hearing on Jones' newly discovery evidence claim "[w]ithout waiver of any of the procedural defenses" (Doc. 9-26 at 26). Additionally, Jones' claim provides no basis for equitable tolling of his federal habeas petition as the AEDPA time limit had already expired nearly three (3) years prior to the filing of his second Rule 32 petition; thus, "there [was] no period remaining to be tolled". Webster, 199 F.3d at 1259. As a result, Jones' contention that the State's request for an evidentiary hearing to explore the merits of his second Rule 32 petition somehow tolled his AEDPA statutory period fails to demonstrate extraordinary circumstances.

Jones' judgment became final on June 8, 2005. He has not demonstrated any extraordinary circumstances that hampered his ability to file this federal petition by June 4, 2008. In fact, the record is devoid of any evidence of unavoidable circumstances beyond Jones' control that made it impossible for him to file this action within AEDPA's time limit.

**b. Actual Innocence**

Jones argues that he is actually innocent of the murder for which he was convicted and contends that he has an affidavit from the State's key witness, Booker, wherein Booker recants his trial testimony implicating Jones. (Doc. 1 at 7, 14-16). Jones further contends that "a fundamental miscarriage of justice" will result if his habeas petition is not ruled upon. (Id.). In asserting his innocence, Jones seeks to trigger the actual innocence caveat of the AEDPA's limitation period and thereby justify review of his constitutional claims despite his untimeliness. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (upon a threshold showing of actual innocence, a petitioner may overcome the AEDPA's time-bar to have his underlying constitutional claims reviewed on the merits).

The Supreme Court has provided guidance on the role of federal courts with respect to actual innocence claims on habeas

review in Herrera v. Collins, 506 U.S. 390, 416-417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). The court stated:

> In state criminal proceedings the trial is the paramount event for determining the guilt or innocence of the defendant. Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of 'actual innocence,' not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as [untimely,] successive or abusive.

Id.; see also House, 547 U.S. at 518 (discussing untimeliness).

However, "[n]either the Supreme Court nor [the Eleventh Circuit] has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) vacated on other grounds by Melson v. Allen, 130 S. Ct. 3491, 177 L. Ed. 2d 1081 (2010) (citing Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.")). In addition, before a court considers whether to reach the merits of a petitioner's habeas claim, "the petitioner must first make a sufficient showing of actual innocence." Melson, 548 F.3d at 1002. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error

12

with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); see also id., 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

As noted *supra*, in support of his actual innocence claim, Jones alleges that the State's key witness, Booker, has given an affidavit wherein he recants his trial testimony that implicated Jones. (Doc. 1 at 7, 14-16). In evaluating this new evidence, a habeas court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." House, 547 U.S. at 537 (quotation marks and citation omitted). The court then assesses, in context with the other evidence adduced at trial, the likely impact of this new evidence on reasonable jurors. Id., 547 U.S. at 538. "The demanding nature of the Schlup standard ensures that only the 'extraordinary' case will merit review of procedurally barred [or time-barred] claims." Melson, 548 F.3d at 1002 (citing House, 547 U.S. at 538.).

Weighing the credibility of Jones' affidavit, the Court finds that the proffered affidavit is insufficient to satisfy

13

the threshold showing of actual innocence required by Schlup. 513 U.S. at 324. As noted, Jones raised this argument in his second Rule 32 petition (Doc. 9 at 7) and upon request of the State, the trail court held an evidentiary hearing on March 1, 2012. (Id.). Booker, the alleged affiant, was present at the hearing, and he testified that Jones' affidavit was false. Shortly thereafter, the court denied Jones' second Rule 32 petition as meritless. (Id.).

Given Booker's testimony at the evidentiary hearing that Jones fabricated the affidavit and that Jones was actually responsible for the shootings for which he was charged, the undersigned finds that the alleged affidavit has no credibility or reliability and that no reasonable juror would be impacted by the alleged affidavit. Furthermore, the alleged affidavit does not amount to new scientific evidence, trustworthy eye witness accounts, or physical evidence "that was not presented at trial." Schlup, 513 U.S. at 324. Thus, Jones' wholly uncorroborated affidavit falls way short of satisfying the threshold showing of actual innocence required by Schlup. Id. As such, it does not aid Jones in his attempt to make a "sufficient showing of actual innocence" such that this Court should reach the merits of his claim. Melson, 548 F.3d at 1002.

Accordingly, Jones has failed to come forward with any evidence that makes a threshold showing of actual innocence and

14

thereby undermines his capital murder and attempted murder convictions. Because this is not one of the "extraordinary" cases in which the actual innocence exception is applicable, the Court finds Jones' habeas petition is due to be dismissed as time-barred. Melson, 548 F.3d at 1002; House, 547 U.S. at 538.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Jones' petition does not warrant the issuance of a certificate of appealability as his claims are clearly time-barred, because he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner, Steed v. Head, 219 F.3d 1298,

1300 (11th Cir. 2000), and he has failed to make a sufficient showing of actual innocence. Melson, 548 F.3d at 1002; House, 547 U.S. at 538. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Jones should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether Jones' petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

IV. **CONCLUSION**

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that Jones' petition for habeas corpus relief be dismissed with prejudice as time-barred and that judgment be entered in favor of the Respondent, Warden Hetzel, and against the Petitioner, Myron Cantrell Jones. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **May, 2014.**

                                                  **/s/ SONJA F. BIVINS**
                                                  **UNITED STATES MAGISTRATE JUDGE**