# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MYRON CANTRELL JONES, etc., )
)
    Petitioner, )
)
v. ) CIVIL ACTION 13-0012-WS-B
)
GARY HETZEL, )
)
    Respondent. )

## ORDER

This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge that the petition be denied and the action dismissed with prejudice. (Doc. 34). The petitioner timely filed objections to the R&R. (Doc. 35).

The one and only claim raised in the petition is that the state knowingly used false evidence to obtain a conviction in violation of *Giglio v. United States*, 405 U.S. 150 (1972). (Doc. 1 at 7). The claim is based on the post-trial affidavit of the state's principal witness, Michael Booker, to the effect that his trial testimony incriminating the defendant was false and given with the expectation he would receive more lenient treatment on unrelated charges then pending against him. (*Id*. at 14-15). The petitioner raised this claim in a state Rule 32 proceeding. (*Id*. at 4). The trial judge conducted an evidentiary hearing in March 2012, at which Booker testified that, although he executed the affidavit, he did so only because he and his family had been threatened with extreme violence by one of the petitioner's co-defendants and his associates and because he had been paid $1,300 by a co-defendant's girlfriend to sign the affidavit, which he did not author but which she presented to him for signature. Booker testified that the affidavit was false and that his trial testimony was truthful. The trial judge, who heard Booker's

Rule 32 testimony and observed his demeanor, found as a fact that Booker was telling the truth at the hearing and that Booker's affidavit was false and his trial testimony truthful. (Doc. 9-29 at 4-5). The Court of Criminal Appeals affirmed this ruling as within the trial judge's discretion. (*Id*. at 5-6).

An essential element of a *Giglio* claim is that the prosecution in fact used false testimony at trial. *E.g., Trepal v. Secretary, Florida Department of Corrections*, 684 F.3d 1088, 1107-08 (11th Cir. 2012). The Rule 32 Court found as a fact that Booker did not give false testimony at trial. This Court is forbidden by law to reject the state court's ruling on the *Giglio* claim unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct[, and] [t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id*. § 2254(e)(1). The Supreme Court "ha[s] not yet defined the precise relationship between § 2254(d)(2) and § 2254(e)(1)," *Brumfield v. Cain*, 135 S. Ct. 2269, 2282 (2015), although the Eleventh Circuit has hinted that the former standard is "arguably more forgiving." *Clark v. Attorney General*, 821 F.3d 1270, 1286 n.3 (11th Cir. 2016). In any event, "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 134 S. Ct. 10, 15 (2013) (internal quotes omitted).

The petitioner does not acknowledge this standard of review, but he is subject to it nonetheless. Nor has he explained how the Rule 32 trial judge's factual determination that Booker's affidavit was false and his trial testimony truthful was (or even could be) unreasonable based on the evidence before him. The petitioner suggests that Booker's admission he took money to sign a false affidavit proves that everything he says is false. (Doc. 35 at 8). While that might (or might not) be a reasonable conclusion, another reasonable conclusion is that

Booker was motivated by fear and greed to sign a false affidavit but gave truthful testimony at trial and at the evidentiary hearing.

The petitioner says that Booker is a convict, a thief and a crackhead and that he gave conflicting statements to law enforcement before settling on the version presented at trial. (Doc. 35 at 3, 9). The same response applies; even if such circumstances could suggest Booker was lying at trial, they do not render it unreasonable to conclude he was not lying at trial.

The petitioner says there was no evidence presented at the Rule 32 hearing that Booker really received $1,300 or that he was threatened. (Doc. 35 at 4). This is simply wrong; Booker himself testified to these circumstances, and his testimony is evidence. It is the petitioner – who called Booker at the evidentiary hearing – that failed to present any countering evidence.

Finally, the petitioner argues that the affidavit of Booker's girlfriend ("Davis") demonstrates that Booker perjured himself at trial. (Doc. 35 at 2, 4-5). Section 2254(d)(2), however, requires the petitioner to show that the trial court's factual finding was unreasonable based on the evidence presented to it, and the petitioner did not present any evidence from Davis in state court.

"[R]ecantations are viewed with extreme suspicion by the courts," in part because they are "very often unreliable and given for suspect motives." *In re: Davis*, 565 F.3d 810, 825 (11th Cir. 2009) (internal quotes omitted). On top of this inherent unreliability can be added Booker's recantation of his recantation, his reasoned explanation for his affidavit, and the Rule 32 judge's ability to gauge Booker's credibility on the witness stand. Nothing presented to the Court even remotely suggests that the Rule 32 judge's finding of fact was incorrect, much less unreasonable.

In summary, the Rule 32 judge found that Booker presented truthful testimony at trial. That finding is not unreasonable based on the evidence presented to the Rule 32 judge, and it is therefore binding on the Court. Because a *Giglio* violation requires proof that the prosecution presented false testimony, and

because the Rule 32 judge properly found Booker did not offer false testimony, the petitioner's only claim fails as a matter of law.

The petitioner argues the Magistrate Judge should have given him an evidentiary hearing. (Doc. 35 at 1, 5-7). If a petitioner "has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that … the claim relies on … a factual predicate that could not have been previously discovered through the exercise of due diligence …." 28 U.S.C. § 2254(e)(2). The petitioner notes that, "[i]f there has been no lack of diligence at the relevant stages in the state proceedings," then he has not "failed to develop the record." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). True enough, but to be diligent in this sense he must be "diligent in developing the record." *Id*.[1] To the extent the petitioner relies on the evidence presented at the Rule 32 evidentiary hearing, he may have been diligent in developing the record, but the Court is bound to honor the Rule 32 judge's factual finding as discussed above. To the extent the petitioner relies on additional information about Booker and his credibility that he did not present at the Rule 32 hearing, he obviously was not diligent in attempting to present such evidence, since he was aware of it at the time. And to the extent he relies on Davis's November 2016 affidavit, it is equally obvious he did not exercise due diligence. The defendant knew Davis was present at the shooting in December 2001 and, although she did not testify at the October 2004 trial, he and his lawyer knew her name at that time. (Doc. 9-6 at 8; Doc. 9-8 at 57). The petitioner identifies not a single effort that he, or anyone acting on his behalf, made to locate and interview Davis at any point before the March 2012 Rule 32 evidentiary hearing. This is not

---

[1] "[W[here a petitioner was granted an evidentiary hearing … and the petitioner failed to take full advantage of that hearing, despite being on notice of and having access to the potential evidence and having sufficient time to prepare for the hearing, that petitioner did not exercise diligence in developing the factual foundation of his claim in state court." *Pope v. Secretary, Department of Corrections*, 680 F.3d 1271, 1289 (11th Cir. 2012).

diligence but its exact opposite.[2] Nor has the petitioner suggested, much less demonstrated, that neither he nor anyone acting on his behalf could have found Davis in the space of seven years had they exercised due diligence.[3] Accordingly, the Magistrate Judge was prohibited by Section 2254(e)(2) from holding an evidentiary hearing.[4]

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the R&R to which objection is made, the R&R is **adopted** as the opinion of the Court, supplemented by the foregoing discussion. The petition is **denied,** and this action is **dismissed with prejudice**. The petitioner is not entitled to a certificate of appealability and, consequently, is not entitled to appeal *in forma pauperis*.

DONE and ORDERED this 16th day of October, 2017.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] *See Pope*, 680 F.3d at 1289 n.12 (citing examples of lack of due diligence).

[3] The burden is on the petitioner to make such a showing. *Williams*, 529 U.S. at 433.

[4] Davis could not have made a difference even had she testified. While her affidavit and recorded questioning state she did not see or hear the incriminating evidence Booker testified he saw and heard, she also testified that she was far distant from Booker and that she cannot say whether he saw and heard what he testified he saw and heard. (Doc. 33 at 5-11). Such insipid testimony could not possibly prove that Booker lied.